IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PHILIP JOHN TUMMARELLO, | CV 19–183–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES CHILD SUPPORT ENFORCEMENT DIVISION; RICHARD OPPER, DIRECTOR OF HEALTH AND HUMAN SERVICES; SUZANNE HABBE, REGIONAL DIRECTOR MISSOULA CSED; MELISSA DARKO, INVESTIGATOR, MISSOULA CSED, | |
| Defendants. | |

On August 4, 2020 United States Magistrate Judge Kathleen L. DeSoto

entered her Findings and Recommendation recommending that Defendants'

Motion to Dismiss be granted and Tummarello's Motion for Continuance to File

Amended Complaint be denied. (Doc. 44.) Tummarello does not object. De novo

review is only available for those portions of the Findings and Recommendation to

which a petitioner specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court

reviews for clear error those findings to which no party objects. *United States v.*

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140,

149 (1985).  Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed."  *United States v. Syrax*, 235 F.3d

422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto recommends dismissal of all but one of Tummarello's claims

as barred by the statute of limitations, and recommends dismissal of the remaining

claim for failure to state a claim upon which relief may be granted.  Claims under

§ 1983 are subject to the forum state's limitations period for personal injury actions

and the forum state's laws regarding equitable tolling of the statute of limitations.

*Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008);

*Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (citations

omitted).  Tummarello's claims are premised on the theory that Defendants

violated his constitutional rights in 2014 and 2015 by wrongfully establishing child

support arrearages against him, falsely reporting those arrearages to credit bureaus,

and wrongfully imposing a State of Montana Department of Public Health and

Human Services Child Support Division (CSED) lien against his property.  (Doc.

44 at 10.)  The Court agrees with Judge DeSoto's determination that Tummarello

knew of his injuries more than three years before filing this suit, and therefore his

claims are barred by the statute of limitations.  Mont. Code Ann. § 27-2-204

(2019); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("Under federal

law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Additionally, there is no clear error in Judge DeSoto's conclusion that equitable tolling does not apply to Tummarello's claims.  (Doc. 44 at 15.) Tummarello's argument that he did not know he could bring a § 1983 claim does not justify equitable tolling.  *See Thieltges v. Royal Alliance Assocs.*, 334 P.3d 382, 385 (Mont. 2014) ("Lack of knowledge of the existence of a claim or the facts from which the claim arises does not delay the running of the statute of limitations.").

The Court agrees with Judge DeSoto's determination that Tummarello's remaining claim, arising under a First Amendment retaliation theory, should be dismissed for failure to state a claim upon which relief may be granted.  (Doc. 44 at 18.)  To succeed on a § 1983 First Amendment retaliation claim, a plaintiff must allege that "public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill the plaintiff's First Amendment rights." *Arizona Students' Assoc. v. Arizona Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016).  Tummarello fails to allege he engaged in any protected activity that may have prompted retaliation, and fails to allege that his speech was chilled or deterred by the actions of Defendants.  (Doc. 44 at 17–18.)

3

While noting that the individual capacity claims against Defendant Opper

are also barred by the statute of limitations, Judge DeSoto concluded the claims

against him should be dismissed on grounds that Tummarello failed to allege any

facts showing that Opper personally participated in the alleged constitutional

violations.  (Doc. 44 at 19.)  For Opper to be liable under § 1983, he must have

personally participated in the deprivation of Tummarello's constitutional rights.

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The Court agrees that

Tummarello has not alleged any fact demonstrating Opper was personally involved

in the alleged false reporting of arrearages or alleged retaliation.

Finally, there is no clear error in Judge DeSoto's determination that

Tummarello's motion to continue the deadline for amending the pleadings should

be denied for failure to show good cause to change the scheduling order.  (Doc. 44

at 25).  A party must demonstrate that good cause exists for modifying a

scheduling order.  Fed. R. Civ. P. 16(b); *Coleman v. Quaker Oats Co.*, 232 F.3d

1271, 1294 (9th Cir. 2000).  Tummarello has failed to show good cause, and future

amendments to the complaint would be futile.  Tummarello's claims are either

barred by the statute of limitations or fail to state a claim upon which relief may be

granted.  He fails to explain how further discovery might resolve the deficiencies

in the Amended Complaint.  (Doc. 44 at 24.)  Further, Defendants would be

prejudiced if the Court granted Tummarello leave to file yet another amended complaint.  (Doc. 44 at 25.)

Therefore, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 44) is ADOPTED in full.

Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 36) is GRANTED, Tummarello's Motion for Continuance to File Final Amended Complaint (Doc. 40) is DENIED, and this case is DISMISSED.

DATED this 15th day of September, 2020.

Dana L. Christensen, District Judge
United States District Court

5